PICKETT, Judge.

Facts

On July 8, 1999, Beulah Greene suffered a work-related injury while employed by Wal-Mart. After certain negotiations between the parties, all parties agreed to a partial settlement wherein, among other things, they agreed to be bound by the findings of an independent medical examiner (IME). The court appointed Dr. Angela Mayeux to be the IME. Dr. May-eux examined Ms. Greene on August 3, 2000. She concluded that Ms. Greene had suffered a work-related injury and had serious medical problems, but that her problems were unrelated to the work-related injury.
Subsequently, Wal-Mart moved for summary judgment, arguing that under the terms of the settlement agreed upon by the parties, the claim should be dismissed. The workers’ compensation judge granted the requested summary judgment on March 16, 2001. From that judgment, the claimant appeals.

Discussion

On review of a grant of summary judgment, the appellate court considers the matter de novo. Doerr v. Mobil Oil Corp., 00-947 (La.12/19/00); 774 So.2d 119. The reviewing court must determine independently whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, (La.7/5/94); 639 So.2d 730.
The record clearly reflects that, as part of the settlement negotiations with her employer, Ms. Greene agreed to be bound by the opinions of a court-appointed orthopedist regarding the issues of causation, return to work, and treatment. The court-appointed orthopedist ultimately determined that the medical problems Ms. | ^Greene has experienced are not causally connected to the workplace injury she suffered.
When reviewing the record as a whole, including the terms of the partial settlement, it is clear the workers’ compensation judge had no choice but to grant the employer’s motion for summary judgment. Therefore, we affirm the ruling of the workers’ compensation judge.
AFFIRMED.
COOKS, J., dissents.